UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LAUACHUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-01286-SI<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING WITHOUT PREJUDICE MOTIONS TO REMAND, SEVER, AND DISMISS**<br><br>Re: Dkt. Nos. 12, 15, 17, 19 |

Before the Court is plaintiffs' motion to remand, Dkt. No. 12, and the motion by defendants Bristol-Myers Squibb Co. ("BMS") and Pfizer Inc. ("Pfizer") to dismiss, stay, and sever, Dkt. Nos. 15, 17, 19. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing set for April 28, 2017. For the reasons set forth below, the Court GRANTS defendants' motion to stay and DENIES WITHOUT PREJUDICE plaintiff's motion to remand and defendants' motions to dismiss and sever.

**BACKGROUND**

Plaintiffs filed this action on February 27, 2017 in San Francisco Superior Court, seeking recovery for severe or fatal injuries allegedly suffered as a result of taking the prescription oral anticoagulant Eliquis, also known as apixaban. Plaintiffs assert causes of action for: (1) negligence; (2) strict products liability; (3) breach of express warranty; (4) breach of implied warranty; (5) fraudulent misrepresentation; (6) fraudulent concealment; (7) negligent misrepresentation; and (8) wrongful death. *See* Compl., Notice of Removal Ex. Q (Dkt. No. 1-2 at 80). On March 10, 2017, defendants filed a notice of removal in this Court. Dkt. No. 1.

One plaintiff, Sandra Lauachus, is a resident of California. The others are residents of Tennessee, Ohio, Kentucky, Pennsylvania, Louisiana, and Arizona. Defendants Bristol-Myers Squibb Co. and Pfizer, Inc. are citizens of Delaware and New York. Defendants allege that this Court has diversity jurisdiction over the proceedings because McKesson Corp. ("McKesson"), a citizen of California, was fraudulently joined as a defendant in this lawsuit. The parties agree that if McKesson is properly named in this case, its presence defeats diversity jurisdiction.

This case is one of "nearly two dozen" Eliquis cases filed in California since May 2016. Kim Decl. ISO Mot. to Stay (Dkt. No. 17-1) ¶ 5. On October 13, 2016, BMS and Pfizer petitioned the Judicial Panel on Multidistrict Litigation (the "JPML") to consolidate all federal Eliquis cases for pretrial purposes. *Id.* ¶ 6 & Ex. A, Petition. On February 7, 2017, the JPML granted the petition and created MDL No. 2754, *In re Eliquis (Apixaban) Products Liability Litigation*. *Id.* ¶ 7 & Ex. C, Transfer Order. *In re Eliquis* proceeds in the Southern District of New York before District Judge Denise Cote. Numerous California cases raising the same issues regarding McKesson's fraudulent joinder have been transferred to the MDL or have been tagged for conditional transfer. *See* Kim Decl. ISO Mot. to Stay ¶¶ 11-12. At least one case from the Northern District has been transferred, *Baker v. McKesson Corp.*, 3:17-cv-00074-JD (N.D. Cal. filed Jan 6, 2017). *See id.* ¶ 10. In *Baker*, the parties stipulated to a stay pending transfer to the MDL. *Id.* ¶ 13.

This case has been tagged for conditional transfer to the *In re Eliquis* MDL. Kim Decl. in Opp'n to Mot. to Remand (Dkt. No. 26-1) ¶ 6 & Ex. B, Conditional Transfer Order. Plaintiffs oppose conditional transfer, and briefing before Judge Cote is underway involving McKesson's alleged fraudulent joinder. *See In re Eliquis*, MDL No. 2754, Dkt. Nos. 123, 135. Defendants' response in the MDL proceeding is due by April 20, 2017. *Id.*, Dkt. No. 124. Other cases, including cases pending transfer from this District, also raise the same jurisdictional objections. *See id.*, Dkt. No. 120, Motion to Vacate Conditional Transfer Order; *see also id.*, Dkt. Nos. 95, 100, 128.

## LEGAL STANDARD

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is warranted pending a potential transfer by the JPML, courts consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture v. Hoffman-La Roche, Inc.*, No. 12-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (internal citation and quotation marks omitted). "[D]eference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Id.* (quoting *Nielsen v. Merck & Co.*, 2007 WL 806510, at *1 (N.D. Cal. Mar. 15, 2007)).

## DISCUSSION

This Court has ample authority to remand or to stay in cases such as this one. In this instance, the Court will stay the case pending transfer to MDL in the Southern District of New York. If the case is not transferred to the MDL, plaintiffs may renew their motion to remand in this Court.

The relevant factors weigh in favor of a stay. First, plaintiffs are not likely to be prejudiced by a brief stay of this matter. The issue of McKesson's fraudulent joinder presents itself across numerous cases in front of the MDL and, according to defendants, will likely be resolved by June. Kim Decl. ISO Mot. to Stay ¶ 18; Kim Decl. ISO Reply (Dkt. No. 32-1) ¶ 6. Second, defendants face hardship in having to litigate parallel motions on the same issues in numerous jurisdictions, and they risk inconsistent rulings on questions of law and fact. This is a major reason for the JPML's establishment of *In re Eliquis* to coordinate pretrial proceedings. Finally, judicial resources are best utilized by having Judge Cote resolve these overarching jurisdictional issues on a consolidated basis. *See Couture*, 2012 WL 3042994, at *2 (citation

omitted) ("[D]eference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'").

Plaintiff urges the Court to follow Judge Wilken and Judge Cousins who, last December, remanded two Eliquis actions to California state court. *See* Rizkalla Decl. (Dkt. No. 27) ¶¶ 2-3 & Exs. A-B, Remand Orders. Since that time, however, circumstances have changed. Judge Wilken's decision to remand appears to have been based, in part, on uncertainty surrounding the JPML petition. Rizkalla Decl. Ex. A (Dkt. No. 27-1), Dec. 29, 2016 Remand Order of District Judge Claudia Wilken, at 3 ("[I]t is not clear whether the JPMDL will transfer and consolidate the cases . . . . Moreover, even if it does, it has not set a date to consider whether additional cases, including the instant case, should be transferred."); *see also id.*, Ex. B, Dec. 30, 2016 Remand Order of Magistrate Judge Nathanael Cousins at 2 ("[T]he Court follows the reasoning of District Court Judge Claudia Wilken in her order yesterday remanding a nearly identical case . . . ."). Since Judge Wilken's and Judge Cousins's decisions, the JPML created *In re Eliquis*, and now numerous cases pending before Judge Cote present identical jurisdictional issues.

In the interest of judicial economy and consistent determination of issues, Judge Cote should resolve outstanding jurisdictional questions in *In re Eliquis*. *See Rifenbery v. Organon USA, Inc.*, No. 13-5463-JST, 2014 WL 296955, at *2 (N.D. Cal. Jan. 26, 2014) (discussing creation of NuvaRing MDL as supporting a stay); *Garza v. Organon USA, Inc.*, No. 13-4988-RS, 2013 WL 6443433, at *2 (N.D. Cal. Dec. 9, 2013) (same). If Judge Cote decides not to transfer this case, the parties may renew their outstanding motions. Accordingly, the Court GRANTS defendants' motion to stay.

///

///

4

## CONCLUSION

For the foregoing reasons, defendants' motion to stay is GRANTED. Defendants' motions to sever and dismiss are DENIED WITHOUT PREJUDICE. Plaintiffs' motion to remand is DENIED WITHOUT PREJUDICE. The parties are hereby ORDERED to provide a written update within ten (10) days of Judge Cote's decision on conditional transfer.

This order resolves Dkt. Nos. 12, 15, 17, 19.

**IT IS SO ORDERED**.

Dated: April 10, 2017

_____
SUSAN ILLSTON
United States District Judge